# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| JERRY O. MELVIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) NO. 7:16-CV-275-D |
| | ) |
| ANTHONY J. BERNARD, in his individual and official capacity; | ) **CONSENT** |
| JAMES A. MAROLDT, in his individual and official capacity; | ) **PROTECTIVE** |
| MICHAEL A. FIKE, in his individual and official capacity; | ) **ORDER** |
| JASON M. SPIVEY, in his individual and official capacity; | ) |
| BRIAN D. MEDLIN, in his individual and official capacity; | ) |
| JOSEPH M. CHERRY, in his individual and official capacity; | ) |
| JOHN A. ROGERS, in his individual and official capacity; | ) |
| LARRY D. BRANCH, in his individual and official capacity; | ) |
| BRUNSWICK COUNTY SHERIFF JOHN W. INGRAM, in his individual and official capacity; and JOHN/JANE DOES 1-5, | ) |
| | ) |
| Defendants. | ) |

***************************************************************

IT IS HEREBY STIPULATED by and between the plaintiffs and defendants, by and through their respective attorneys of record, as follows:

The parties are expected to exchange certain confidential documents and other tangible things through the course of discovery in this action. The parties stipulate to entry of this Consent Protective Order to govern production of that confidential information in this litigation. Specifically, the parties currently envision discovery related to the following:

1. The plaintiff desires to inspect and copy certain information from the personnel records of the defendants, who are current or former law enforcement officers with the Brunswick County Sheriff's Office, the New Hanover County Sheriff's Office, and the Leland Police Department. Said personnel files are maintained by said agencies and, pursuant to N.C. Gen. Stat. §§ 153A-98 and 160A-168, may be disclosed only pursuant to a court order.

2. The plaintiff desires to obtain copies of internal affairs investigative reports of the above-named law enforcement agencies. Said reports may be considered as part of the personnel records of the defendant officers or may contain such material, and therefore are also covered by the above-cited statutes.

3. The plaintiffs also desire to obtain copies of dash-camera video from law enforcement vehicles of the above-named agencies that were involved in the events of June 14, 2013, as outlined in the Complaint. Said videos are confidential pursuant to N.C. Gen. Stat. § 13-1.4A and may not be disclosed without a court order.

Following the plaintiffs' discovery requests, the parties have sought an order of this Court so as to be in compliance with the above-cited statutes and to ensure that said documents are not disclosed outside this proceeding.

By consent, IT IS HEREBY ORDERED THAT:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1) or other provision of law, including information subject to a contractual duty of confidentiality owed to a third party, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS." To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the

face of the document (*e.g.*, native Excel files or database exports), the producing party shall add the abbreviation "CONF" to the file name of such documents.

2. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within three (3) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL in accordance with paragraph 1 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a notice setting forth the pages, line numbers, and designations. The designating party must serve such notice upon all other parties within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the fourteen-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with the Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

3. No person shall use any CONFIDENTIAL MATERIALS or information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), directly or indirectly, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the discovery, the preparation, and trial of this action, and/or in accordance with this Order. The parties agree that CONFIDENTIAL MATERIALS produced in discovery in this case shall not

be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

4.  Subject to paragraph 7, in the absence of prior written permission from the designating party or an order by the Court, no person shall disclose CONFIDENTIAL MATERIALS to any person other than: (i) the parties, their attorneys of record, those attorneys' support staff employees who perform work tasks related to this case, and representatives of the defendants' insurers; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency formally requesting such information or documents by subpoena, written notice, or other civil investigative demand ("CID"), with notice provided to the designating party within five (5) days of receipt of the request and no fewer that twenty-one (21) days before disclosure or production, and this Court shall retain jurisdiction to hear any objection that either Plaintiffs or Defendant may have to providing documents in response to such a request; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

5.  Subject to paragraph 7, no person shall disclose CONFIDENTIAL MATERIALS to any person designated in paragraph 4(iii) unless he or she has executed a written, dated declaration in the form attached hereto as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms hereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. The Court hereby enjoins all persons to whom CONFIDENTIAL

MATERIALS are disclosed from disclosing the same to any person or using the same, except as provided in this Order.

6. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other that those described above in paragraph 4 for the purposes specified, and in no event shall such person make any other such use of CONFIDENTIAL MATERIALS.

7. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the parties cannot resolve the dispute and the receiving party concludes in good faith that the materials designating party has improperly classified the materials, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as Confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court for a Protective Order to retain designated status of such materials. If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to maintain the materials as CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

8. Subject to paragraph 7, any party seeking to file with the Court CONFIDENTIAL MATERIALS designated as such by another party, including any of the law enforcement dash-camera video described above, must contact the designating party seven (7) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court. In the event no

agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such materials in accordance with Local Rule 79.2 and Section G(1)(e) of the CM/ECF Policy Manual for the Eastern District of North Carolina. The filing party must provisionally file the material under seal in accordance with Local Civil Rule 79.2, and file a Notice of Filing. Within seven (7) days after service of the Notice of Filing, the party desiring that the material be maintained under seal must file a motion to seal citing a statute, rule, standing order, or court order that requires the filing to be sealed, and a proposed order to seal. In the absence of a statute, rule, standing order, or court order, the party desiring that the material be maintained under seal must file a memorandum setting forth the information required by Section G(1)(a)(i)–(iv) of the CM/ECF Policy Manual for the Eastern District of North Carolina, and a proposed order to seal.

9. The parties agree that the law enforcement dash-camera video described above is confidential by statute and may have a prejudicial effect on potential jurors in this action and, therefore, the parties specifically agree, and the Court specifically orders, that any party wishing to file any part or all of said video with the Court must file it under seal until the Court determines that such video should not sealed or the parties agree in writing before said filing that said video need not be filed under seal.

10. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by a producing party without the appropriate designation or the inadvertent or unintentional disclosure of attorney-client privileged, work product, or other protected documents or media without an appropriate claim of privilege shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, the receiving party, upon request or upon its own initiative at such time as it reasonably and in good faith believes itself to be in possession of

inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made.

11. Subject to paragraph 7 and excluding pleadings and documents filed with the Court, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS (provided that counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order). The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification of the same.

12. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 79.2 and Section G of the CM/ECF Policy Manual for the Eastern District of North Carolina.

14. No party may use the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, as evidence on any issue in this case. A party's designation of materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or any other provision of law.

15. Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trail of evidentiary materials.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

17. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendants with written notice that they intend to comply with and be bound by the terms of this Order.

SO ORDERED, this the 1 day of May, 2017.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

**CONSENTED TO BY:**

/s/Christopher J. Geis
CHRISTOPHER J. GEIS
N.C. State Bar No. 25523
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Facsimile: 336-726-2221
cgeis@wcsr.com
*Attorney for Defendants Brian D. Medlin,
Joseph M. Cherry, John A. Rogers,
Larry D. Branch, and John W. Ingram*

/s/Sonny S. Haynes
SONNY S. HAYNES
N.C. State Bar No. 41303
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Facsimile: 336-721-3660
shaynes@wcsr.com
*Attorney for Defendants Brian D. Medlin,
Joseph M. Cherry, John A. Rogers,
Larry D. Branch, and John W. Ingram*

/s/Patrick G. Spaugh
PATRICK G. SPAUGH
N.C. State Bar No. 49532
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Facsimile: 336-721-3660
pspaugh@wcsr.com
*Attorney for Defendants Brian D. Medlin,
Joseph M. Cherry, John A. Rogers,
Larry D. Branch, and John W. Ingram*

/s/John L. Coble
John L. Coble
N.C. State Bar No. 12903
Marshall, Williams & Gorham, LLP
Post Office Drawer 2088
Wilmington, NC 28402-2088
Telephone: (910) 763-9891
Facsimile: (910) 343-8604
E-Mail: jlc@mwglaw.com
*Attorneys for Plaintiffs*

/s/ Brian L. Edes
Brian E. Edes
Crossley, McIntosh, Collier, Hanley & Edes
5002 Randall Parkway
Wilmington, NC 28403
Telephone: (910) 762-9711
Facsimile: (910) 256-0310
E-Mail: Briane@cmclawfirm.com
*Attorney for Defendant Anthony J. Bernard*

**/s/ Scott C. Hart**
Scott C. Hart
Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
416 Pollock Street
Post Office Box 889
New Bern, NC 28563
Telephone: (252) 633-3131
Facsimile: (252) 633-3507
E-Mail: shart@nclawyers.com
*Attorney for Defendants James A. Maroldt,
Michael A. Fike, and Jason M. Spivey*